The Honorable Tana Lin

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IMMERSION CORPORATION, | Case No. 2:23-cv-00712-TL |
| Plaintiff, | **DECLARATION OF GAVIN SKOK IN SUPPORT OF MOTION TO VACATE INITIAL DEADLINES** |
| v. | |
| VALVE CORPORATION, | |
| Defendant. | |

I, Gavin Skok, declare as follows:

1.      I am one of the attorneys representing Defendant Valve Corporation ("Valve") in the above-captioned matter.  I am over the age of 18 and am competent to testify about the matters set forth herein.  I make this declaration based on personal knowledge.

2.      On June 9, 2023, the Initial Scheduling Order (Dkt. #24) set deadlines for the parties to conduct a FRCP 26(f) conference (July 7, 2023) and exchange FRCP 26(a) initial disclosures (July 21, 2023) that occurred before the deadline for Valve to respond to the Complaint (July 24, 2023), with the joint status report being due shortly afterward before resolution of any motions on the pleadings or a response to any counterclaim.  Accordingly, n June 12, 2023 I reached out to Immersion's counsel by email to propose that the parties submit a joint request to vacate the deadlines in the Initial Scheduling Order in light of the recent

DECLARATION OF GAVIN SKOK IN SUPPORT OF MOTION TO VACATE
(2:23-CV-00712-TL) - 1

1    extension of time for Valve to respond to the Complaint, and suggest the parties ask the court

2    to reset those deadlines at a later date once it was clear how Valve responded to the Complaint

3    (by answer, by motion, counterclaims, etc.).  Immersion's counsel (Stefan Szpajda) responded

4    that "we're fine with this in concept" and invited Valve to propose a stipulation in connection

5    with the parties' negotiation of a protective order to clarify the specifics.  A true and correct

6    copy of the June 12-13, 2023 emails between me and Immersion's counsel is attached hereto as

7    Exhibit A.

8            3.      Valve understood from that email exchange that the parties were in agreement

9    on vacating the deadlines, so I sent a proposed stipulated motion to vacate to Immersion's

10   counsel on June 23, 2023, for their review and finalizing.  Immersion's counsel did not oppose

11   the stipulated motion or vacating the initial deadlines at that time or raise or oppose it during a

12   June 27, 2023 meet and confer between the parties regarding various issues.

13           4.      I spoke with Immersion's counsel (Stefan Szpajda) by telephone on in a July 3,

14   2023 telephone call about various issues.  During that conference, Immersion's counsel told me

15   that notwithstanding the prior exchanges, Immersion now declined to stipulate to vacate the

16   initial case schedule deadlines.  Immersion's counsel suggested Immersion might be open to

17   some brief extension of deadlines but Immersion gave no details and made no proposal.  Nor

18   would Immersion agree to a courtesy extension of the deadlines for sufficient time to resolve

19   this Motion.

20           I declare under penalty of perjury under the laws of the State of Washington that the

21   foregoing is true and correct.

22           DATED this 3rd day of July, 2023.

23

24                                              /s/ Gavin Skok
                                                Gavin Skok
25

26

DECLARATION OF GAVIN SKOK IN SUPPORT OF MOTION TO VACATE          **FOX ROTHSCHILD LLP**
(2:23-CV-00712-TL) - 2                                            1001 FOURTH AVENUE, SUITE 4400
                                                                 SEATTLE, WA 98154
                                                                 206.624.3600

1

2

3

4

5

6

## **CERTIFICATE OF SERVICE**

I certify that I am a secretary at the law firm of Fox Rothschild LLP in Seattle,

Washington.  I am a U.S. citizen over the age of eighteen years and not a party to the within

cause.  On the date shown below, I caused to be served a true and correct copy of the foregoing

on counsel of record for all other parties to this action as indicated below:

| **Service List** | |
| --- | --- |
| Stefan Szpajda, WSBA #50106<br>Cristofer Leffler, WSBA #35020<br>Sam Kim<br>Palani P. Rathinasamy<br>C. Maclain Wells<br>Davis Schumann<br>Alexandra Olwen Fellowes<br>FOLIO LAW GROUP PLLC<br>1200 Westlake Ave. N., Ste. 809<br>Seattle, WA 98109<br>Ph. 206-880-1802<br>stefan@foliolaw.com<br>cres.leffler@foliolaw.com<br>sam.kim@foliolaw.com<br>palani@foliolaw.com<br>maclain@foliolaw.com<br>david.schumann@foliolaw.com<br>Alexandra.fellowes@foliolaw.com<br><br>*Attorneys for Plaintiff* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via CM/ECF / Email<br>☐ Via over-night delivery |

I declare under penalty of perjury under the laws of the State of Washington that the

foregoing is true and correct.

EXECUTED this 3rd  day of July, 2023, in Seattle, Washington.


　　　　　　　　　　　　　 /s/ Veronica  Magda
　　　　　　　　　　　　　Veronica Magda

DECLARATION OF GAVIN SKOK IN SUPPORT OF MOTION TO VACATE
(2:23-CV-00712-TL) - 3

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

# EXHIBIT A

## Magda, Veronica

**Subject:**          FW: Valve call

---

**From:** Stefan Szpajda <stefan@foliolaw.com>
**Sent:** June 13, 2023 3:06 PM
**To:** Skok, Gavin W. <gskok@foxrothschild.com>
**Cc:** Cris Leffler <cris.leffler@foliolaw.com>
**Subject:** [EXT] RE: Valve call

Thanks. I'm not sure exactly what you mean by "once next steps are more clear," but we're fine with this in concept. Once we have the PO on file, please send across a proposal and we'll revert with any comments we have after we see exactly what you have in mind.

---

**From:** Skok, Gavin W. <gskok@foxrothschild.com>
**Sent:** Monday, June 12, 2023 3:12 PM
**To:** Stefan Szpajda <stefan@foliolaw.com>
**Cc:** Cris Leffler <cris.leffler@foliolaw.com>
**Subject:** RE: Valve call

[EXTERNAL] This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Stefan –

I appreciate you checking in.  We are working on the protective order.  Separately, we received an administrative order on Friday setting the deadlines for the 26(f) conference and 26(a) disclosures before the deadline to respond to the complaint and the JSR shortly after that deadline.  I expect this was sent by the deputy not realizing that Judge Lin had just extended the time to respond to the complaint.  I suggest we submit a joint request to strike those deadlines, to be reset later once next steps are more clear.  Does Immersion agree?  If so, I can put together a short joint request.

Many thanks,
Gavin