THE HONORABLE TANA LIN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

IMMERSION CORPORATION,

Plaintiff,

v.

VALVE CORPORATION

Defendant.

Case No. 2:23-CV-00712-TL

**JURY TRIAL DEMANDED**

**IMMERSION CORPORATION'S OPPOSITION TO DEFENDANT'S MOTION TO VACATE FRCP 26(F) CONFERENCE, FRCP (26)A DISCLOSURES, AND JOINT STATUS REPORT DEADLINES**

**NOTE ON MOTION CALENDAR: JULY 14, 2023**

## I.  INTRODUCTION

The Court should deny the Motion to Vacate FRCP 26(f) Conference, FRCP 26(A) Disclosures, and Joint Status Report Deadlines filed by Valve Corporation ("Valve") because there is no good cause in support of Valve's motion. Valve seeks to stay this matter pending resolution of an undisclosed motion to dismiss that it "expects to" bring at some point in the future. But this Court has previously held that even a pending motion to dismiss is not necessarily grounds for a blanket stay of discovery—let alone such a stay based on a speculative motion that Valve *may* bring. *See Enriquez v. United States Citizenship & Immigr. Servs.*, No. 2:23-cv-00097-TL, 2023 U.S. Dist. LEXIS 43892, at *9 (W.D. Wash. Mar. 15, 2023).

In addition, despite its repeated protestations about having been "forced" to bring this motion because of misrepresentations made by Immersion Corporation ("Immersion"), the full correspondence record (partially omitted from Valve's motion, but now submitted here) shows that Valve brought its motion unnecessarily and with only 56 minutes of notice to Immersion, and despite Immersion's repeated offers to extend the relevant deadlines.

## II. BACKGROUND

Immersion filed the Complaint in this action on May 15, 2023; on June 8, 2023, the Court entered the parties' agreed extension on Valve's response deadline to July 24, 2023; and on June 9, 2023, the Court entered deadlines related to the parties' FRCP 26(f), FRCP 26(a)(1), and Joint Status Report obligations. Dkt. Nos. 1, 23, 24. In parallel, beginning on May 23, 2023, the parties began discussions to determine whether they could achieve early resolution of the case. *See* Declaration of Stefan Szpajda ("Szpajda Decl."), ¶ 7.

In connection with the parties' discussions, Immersion provided a draft protective order to Valve on May 31, 2023. *Id.*, ¶ 11. An early protective order was necessary because the parties had discussed exchanging revenue and license information in connection with their discussions. *Id.*, ¶ 10. On June 12, 2023, counsel for Valve noted that it was still working on edits to the protective order, and asked Immersion to agree to "submit a joint request to strike [the Rule 26] deadlines, to be reset later once next steps are more clear." *Id.*, Ex. A at 8. Counsel for Immersion responded on June 13 with an email that read in its entirety:

> Thanks. ***I'm not sure exactly what you mean by 'once next steps are more clear,'*** but we're fine with this in concept. ***Once we have the PO on file, please send across a proposal and we'll revert with any comments we have after we see exactly what you have in mind.***

*Id.*, Ex. A at 8 (emphasis added). In other words, Immersion made it clear that (a) Immersion did not understand the full scope of Valve's proposed adjournment, and (b) Immersion would consider the proposal ***after the PO was on file***, which had not then happened, and indeed, still has not

happened. Yet, in its motion, Valve nonetheless asserts that it "understood from that exchange that the parties were in agreement on vacating the deadlines." Dkt. No. 25 at 3; *see also* Dkt. No. 26, ¶ 3.

On Friday, June 23, 2023, Valve provided edits to the draft protective order, and also shared a draft stipulation vacating all case deadlines. Szpajda Decl., ¶ 15. Immersion responded on Monday, June 26, requesting that the parties speak on June 27 to discuss the draft. *Id.*, Ex. A at 7. Valve was not available until June 28, so the parties scheduled the call for that day. *Id.*, Ex. A at 6-7.

On June 28, the parties met and conferred. *Id.*, ¶ 17. During that call, counsel for Valve stated that Valve would not share a substantial portion of the revenue information the parties had previously discussed exchanging. *Id.*, ¶ 17. Counsel for Immersion immediately noted that this would likely make the contemplated settlement discussions unworkable. *Id.*, ¶ 17. On June 30, counsel for Immersion both called and wrote to Valve's counsel to further discuss the draft protective order and the draft stipulation Valve sent to vacate all case deadlines. *Id.*, ¶ 18. Counsel for Valve did not respond until Sunday, July 2, at which point the parties agreed to speak on July 3. *Id.*, Ex. A at 5-6.

During the call on July 3, counsel for Immersion confirmed that because Valve was no longer willing to exchange all revenue information, and because the parties had not yet agreed to a protective order, the parties would need to either abide by the Court's July 7, 2023, deadline to hold their Rule 26(f) conference or agree to an alternative. *Id.*, ¶ 20. To avoid any prejudice, Immersion offered (a) a courtesy extension on the July 7 deadline, and (b) to negotiate new deadlines for the FRCP 26(f) conference, FRCP 26(a)(1) disclosures, and Joint Status Report. Ex. A at 3-4. Valve responded by insisting that Immersion abide by its "agreement" to strike all deadlines, citing the June 13 email noted above as evidence of this purported agreement. Ex. A at 3-4. Immersion reiterated that on its face the email shows that there was no agreement, as the necessary precondition—entry of a protective order—had not been met yet; but Immersion

| OPPOSITION TO VALVE'S MOTION TO VACATE | 3 | FOLIO LAW GROUP PLLC<br>1200 Westlake Ave. N., Ste. 809<br>Seattle, WA 98109, Tel: 206-880-1802 |
|---|---|---|

nonetheless again offered to work with Valve to ensure the parties could arrive at a reasonable set of deadlines to avoid prejudicing any party or burdening the Court. *Id.*, ¶ 23.

After the call ended, Immersion wrote to Valve at 3:40 pm on July 3 offering Valve two different paths to an extension that would have made Valve's motion unnecessary:

> ***We remain amenable to a courtesy extension of the July 7 date, if Valve has conflicts that make that date inconvenient.*** Please let us know if that is the case and we can adjust the date by a few days. ***We can also agree to a new set of reasonable deadlines if Valve agrees not to proceed with its motion to vacate.*** But we cannot agree to extend all deadlines if Valve insists on proceeding with its motion to vacate. In fact, I expect the Court would find a stipulation to extend deadlines accompanied by a motion to vacate those deadlines to be both inconsistent and a waste of judicial resources.

Szpajda Decl. Ex. A at 4-5.[1]

Despite Immersion having sent this email **before Valve filed its motion**, Valve represents to the Court that "Valve was . . . forced to immediately bring this Motion in light of impending deadlines." Dkt. No. 25 at 3. Valve ostensibly felt itself "forced" to file its motion because Immersion would not agree to simply take all dates indefinitely off-calendar—i.e., a highly unusual and inflexible request on Valve's part. *Id.*

At 5:04 pm on July 3, Valve responded: "Let me know by 6pm PT if this changes Immersion's views about whether it will stipulate to vacate the deadlines, to be reset after Valve's motion is resolved. Otherwise, we will understand the parties are still at loggerheads on this issue and file our motion." Szpajda Decl. Ex. B at 1. Valve also excluded this 56-minute ultimatum from the record submitted in support of its motion, in connection with which its counsel declared that "Immersion's counsel suggested Immersion might be open to some brief extension of deadlines

---

[1] Valve excluded this email from the record submitted in support of the instant motion. *Compare* Szpajda Decl. Ex. B *with* Dkt. No. 26.

| OPPOSITION TO VALVE'S MOTION TO VACATE | 4 | FOLIO LAW GROUP PLLC<br>1200 Westlake Ave. N., Ste. 809<br>Seattle, WA 98109, Tel: 206-880-1802 |
|---|---|---|

but Immersion gave no details and made no proposal," omitting any reference to Immersion's email above. *Compare* Dkt. No. 26, ¶ 4 *with* Szpajda Decl. Ex. B at 2.

The parties continued to exchange correspondence concerning Valve's motion on July 5 and July 7. Szpajda Decl. Ex. A at 1-2. On both dates Immersion separately requested Valve's availability to hold the Court FRCP 26(f) conference. *Id.* On July 7, 2023—i.e., the date by which the Court ordered the parties to hold their FRCP 26(f) conference—Valve responded to Immersion's email regarding its availability to confer to state that it would not do so. Szpajda Decl. Ex. A at 1.

## III.   ARGUMENT

### A.   No Good Cause Supports the Relief Valve Seeks

Valve offers one purported reason for its request to vacate all deadlines in the case, with no alternatives proposed: "The current deadline for Valve to answer or otherwise respond to the Complaint is July 24, 2023. Valve expects to file a FRCP 12 motion, which will then need to be briefed and resolved." Dkt. No. 4. The fact that Valve "expects" (not even "will," but merely "expects") to file a "FRCP 12 motion" (on which grounds, Valve does not say) is not good cause to vacate all deadlines in a patent case. Valve cites no authority in support of this proposition, and Immersion has found none that comes close.

Rather, courts in this District—including this Court—routinely deny requests to vacate case deadlines. *See Enriquez v. United States Citizenship & Immigr. Servs.*, No. 2:23-cv-00097-TL, 2023 U.S. Dist. LEXIS 43892, at *9 (W.D. Wash. Mar. 15, 2023) (denying motion to stay deadline of FRCP 26(f) conference without dispositive motion filed in pending case, noting "[t]his Court has recently noted that, while the Ninth Circuit has generally commented on the proprietary of discovery stays pending the resolution of a Rule 12(b)(6) motion to dismiss a case, the existence of such a dispositive motion alone does not constitute good cause to stay discovery"), citing *HUB Int'l Nw., LLC v. Larson*, C22-1418, 2023 U.S. Dist. LEXIS 43849, at *9 (W.D. Wash. Mar. 15, 2023). In *Enriquez*, this Court specifically noted that courts have "looked to the dispositive motion

| OPPOSITION TO VALVE'S MOTION TO VACATE | 5 | FOLIO LAW GROUP PLLC<br>1200 Westlake Ave. N., Ste. 809<br>Seattle, WA 98109, Tel: 206-880-1802 |
|---|---|---|

to understand whether discovery is prudent," and held that "Here, no such motion even exists for the Court to review." 2023 U.S. Dist. LEXIS 43892, at *9. Likewise, Valve has not filed a motion to dismiss, and the fact that it "expects" to do so is not good cause to vacate all deadlines in this case.

In contrast, the two cases cited by Valve are inapposite. Valve argues that *U.S. v. Engen*, No. 2:18-cv-712-RSM, slip op. at 2 (W.D. Wash. June 9, 2020) supports the proposition that "[p]roceeding with a FRCP 26(f) conference and initial disclosures before Valve has responded to the Complaint is inefficient, prejudicial, and will not accomplish the purposes set forth in FRCP 26." Dkt. No. 25 at 4. But Valve's motion omits any reasoning, and the facts of *Engen* are completely inapposite to the circumstances here. Most notably, in *Engen*, plaintiff **did not oppose** the request to extend certain case deadlines. *Id.* Nor did the *Engen* movant seek to indefinitely vacate all deadlines, as Valve does here, but rather sought only a discrete extension. *Id.* Similarly, in *Dillard v. Red Canoe Fed. Credit Union,* No. C14-1782JLR, slip op. at 2 (W.D. Wash. Mar. 3, 2015) the motion was **not opposed**, and plaintiff was out of the country and thus not able to participate in the lawsuit, in any event. *Id.* at 1, 4.

**B.   Immersion's Opposition Is Timely**

Valve wrote to Immersion on July 7, claiming that Immersion missed its window to respond to its motion and citing Section 3 of this Court's Standing Order, under which an opposing party has two business days to respond to a motion to extend a deadline. *See* Judge Tana Lin Standing Order for All Civil Cases (Updated June 15, 2023), § 3. But Valve did not move to **extend** a deadline, it moved to **vacate all deadlines**. There is no indication in the Court's Standing Order that Section 3 applies under such circumstances, and Section 3 itself contemplates that motions for an extension of time require a "specific new date," which, as detailed above, Valve has repeatedly refused to provide. *Id.* In addition, Valve noticed its motion for June 14, 2023, as a Second Friday motion. *See* Dkt. No. 25 at 1. Under these circumstances, the deadline to respond is July 12, 2023. *See* LCR 7(d).

Immersion nonetheless files its response today to enable a prompt resolution by the Court of this foundational (and relatively ministerial) dispute, so that this litigation can timely proceed.

## IV. CONCLUSION

The Court should deny Valve's unnecessary and premature motion, and maintain the deadlines it previously set, as briefly adjourned to account for the delay caused by the instant motion.

DATED: July 7, 2023

Respectfully submitted,

**FOLIO LAW GROUP PLLC**
*/s/ Stefan Szpajda*
Stefan Szpajda, WA Bar No. 50106
Cristofer Leffler, WA Bar No. 35020
Sam Kim, CA Bar No. 221600 (Admission *pro hac vice* pending)
Palani P. Rathinasamy, CA Bar No. 269852 (Admission *pro hac vice* pending)
C. Maclain Wells, CA Bar No. 221609 (Admission *pro hac vice* pending)
David Schumann, CA Bar No 223936 (Admission *pro hac vice* pending)
Alexandra Olwen Fellowes, CA Bar No. 261929(Admission *pro hac vice* pending)
1200 Westlake Ave. N., Ste. 809
Seattle, WA 98109
Tel: 206-880-1802
Email: stefan@foliolaw.com
cris.leffler@foliolaw.com
sam.kim@foliolaw.com
palani@foliolaw.com
maclain@foliolaw.com
david.schumann@foliolaw.com
alexandra.fellowes@foliolaw.com

*Attorneys for Plaintiff Immersion Corporation.*

I certify that this memorandum contains 2,021 words, in compliance with the Local Civil Rules.

OPPOSITION TO VALVE'S MOTION TO VACATE

7

FOLIO LAW GROUP PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA 98109, Tel: 206-880-1802

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2023, I caused the foregoing to be served on all counsel of record via ECF.

*/s/Stefan Szpajda*
Stefan Szpajda

OPPOSITION TO VALVE'S
MOTION TO VACATE

8

FOLIO LAW GROUP PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA 98109, Tel: 206-880-1802