THE HONORABLE TANA LIN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IMMERSION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>VALVE CORPORATION<br><br>Defendant. | Case No. 2:23-CV-00712-TL<br><br>**DECLARATION OF STEFAN SZPAJDA IN SUPPORT OF PLAINTIFF IMMERSION CORPORATION'S OPPOSITION TO VALVE'S MOTION TO VACATE FRCP 26(F) CONFERENCE, FRCP 26(A) DISCLOSURES AND JOINT STATUS REPORT DEADLINES** |

I, Stefan Szpajda, declare as follows:

1. I am an attorney at the law firm Folio Law Group PLLC, counsel of record for plaintiff Immersion Corporation. I am a member in good standing of the State Bar of Washington. Unless otherwise stated, I have personal knowledge of the facts set forth herein.

2. I make this declaration in support of Plaintiff Immersion Corporation's Opposition to Valve Corporation's Motion to Vacate FRCP 26(f) Conference, FRCP 26(a) Disclosures and Joint Status Report Deadlines.

3. Attached as **Exhibit A** is a true and correct copy of an email chain exchanged between me and counsel for Valve (Gavin Skok) between May 31, 2023, and July 7, 2023.

| | | |
|---|---|---|
| SZPAJDA DECLARATION ISO OPPOSITION TO VALVE'S MOTION TO VACATE | 1 | FOLIO LAW GROUP PLLC<br>1200 Westlake Ave. N., Ste. 809<br>Seattle, WA 98109, Tel: 206-880-1802 |

4. Attached as **Exhibit B** is a true and correct copy of an email chain exchanged between me and counsel for Valve (Gavin Skok) between May 31, 2023 and July 3, 2023.

5. Attached as **Exhibit C** is a true and correct copy of an email I sent to Mr. Skok asking for his availability to hold the scheduled FRCP 26(f) conference on July 7, 2023. I did not get a response to this email other than as otherwise reflected in Exhibit A.

6. Immersion filed the Complaint in this action on May 15, 2023; on June 8, 2023, the Court entered the parties' agreed extension on Valve's response deadline to July 24, 2023. Dkt Nos. 1, 23.

7. In parallel, beginning on May 23, 2023, the parties began early discussions to determine whether they could achieve early resolution of the case. The initial discussion involved me, my colleague Cris Leffler, and in-house counsel at Valve Corporation.

8. During the discussions, the parties discussed exchanging certain information. Specifically, the parties discussed that Valve would share hardware *and* software revenue for the accused products, and Immersion would share license information. The parties agreed that a protective order would be necessary to proceed, and that the discussions would resume after Valve hired outside counsel.

9. On May 31, 2023, as reflected in Exhibit A above, outside counsel for Valve (Mr. Skok) wrote to me and Mr. Leffler to continue discussions.

10. During our initial discussion on May 31, the parties repeated the premise of their May 23 discussion. Namely, that if Valve were to share its hardware and software revenue for the accused products, Immersion could share its licenses. The parties could then have a meaningful settlement discussion. The parties agreed that before they could take these steps, a protective order would be necessary.

11. In connection with the parties' discussions, Immersion provided a draft protective order to Valve on May 31, 2023. The parties agreed that an early protective order was necessary

| SZPAJDA DECLARATION ISO OPPOSITION TO VALVE'S MOTION TO VACATE | 2 | FOLIO LAW GROUP PLLC<br>1200 Westlake Ave. N., Ste. 809<br>Seattle, WA 98109, Tel: 206-880-1802 |
|---|---|---|

because the parties discussed exchanging revenue and license information in connection with their discussions.

12. On June 9, 2023, the Court entered deadlines related to the parties' FRCP 26(f), FRCP 26(a)(1), and Joint Status Report obligations. Dkt. No. 24.

13. On June 12, 2023, counsel for Valve wrote to me noting that he was still working on edits to the protective order, and asked Immersion to agree to strike all deadlines "to be reset later once next steps are more clear." Ex. A at 8.

14. I responded on June 13 with an email that read in its entirety:

> Thanks. ***I'm not sure exactly what you mean by 'once next steps are more clear,'*** but we're fine with this in concept. ***Once we have the PO on file, please send across a proposal and we'll revert with any comments we have after we see exactly what you have in mind.***

Ex. A at 8 (emphasis added).

15. On Friday, June 23, 2023, Valve provided edits to the draft protective order Immersion shared, and also shared a draft stipulation vacating all case deadlines. Ex. A at 7.

16. Immersion responded on June 26, i.e., the next business day, requesting that the parties speak on June 27 to discuss the draft. Ex. A at 7. Valve was not available until June 28, so the parties scheduled the call for June 28. Ex. A at 6-7.

17. On June 28, the parties met and conferred to discuss the draft protective order. During that call, Mr. Skok stated that Valve would not share the software portion of its revenue for the accused products that the parties had previously discussed. I immediately noted that this would likely make the contemplated discussions unworkable.

18. On June 30, I both called and wrote to Mr. Skok to further discuss the draft protective order and the draft stipulation Valve sent to vacate all case deadlines.

19. Mr. Skok did not respond until July 2, at which point the parties agreed to speak on July 3. Ex. A at 5-6.

20. During the call on July 3, I confirmed that because of the fact that Valve was no longer willing to abide by the contemplated exchange of revenue and license information, and the parties had not yet agreed to a protective order, the parties would need to either abide by the Court's July 7, 2023, deadline to hold their Rule 26(f) conference or agree to an alternative.

21. To avoid any prejudice, Immersion offered (a) a courtesy extension on the July 7 deadline, and (b) even offered to negotiate new deadlines on the FRCP 26(f) conference, FRCP 26(a)(1) disclosures, and Joint Status Report.

22. Mr. Skok responded by insisting that Immersion abide by its "agreement" to strike all deadlines, citing the June 13 email noted above as evidence of this purported agreement. I reiterated during the call that though on its face the email shows that there was no agreement, and even if there had been the necessary condition (entry of a protective order) had not been met yet, Immersion would cooperate with Valve to ensure the parties could arrive at a reasonable set of deadlines to avoid prejudicing any party or burdening the Court.

23. After the call ended, I wrote to Mr. Skok at 3:40 pm on July 3 to discuss possible extensions. Ex. A at 4-5. My email unambiguously offered Valve two different paths to an extension that would have made its motion unnecessary:

> ***We remain amenable to a courtesy extension of the July 7 date, if Valve has conflicts that make that date inconvenient.*** Please let us know if that is the case and we can adjust the date by a few days. ***We can also agree to a new set of reasonable deadlines if Valve agrees not to proceed with its motion to vacate.*** But we cannot agree to extend all deadlines if Valve insists on proceeding with its motion to vacate. In fact, I expect the Court would find a stipulation to extend deadlines accompanied by a motion to vacate those deadlines to be both inconsistent and a waste of judicial resources.

Ex. A at 4-5.

24. At 5:04 pm on July 3, Mr. Skok responded to my offer: "Let me know by 6pm PT if this changes Immersion's views about whether it will stipulate to vacate the deadlines, to be

| SZPAJDA DECLARATION ISO OPPOSITION TO VALVE'S MOTION TO VACATE | 4 | FOLIO LAW GROUP PLLC<br>1200 Westlake Ave. N., Ste. 809<br>Seattle, WA 98109, Tel: 206-880-1802 |

reset after Valve's motion is resolved. Otherwise, we will understand the parties are still at loggerheads on this issue and file our motion." Ex. B at 1.

25. After Mr. Skok wrote to me on July 5, I responded that same day to correct the necessary parts of the record. Ex. A at 1-2. I separately wrote to Mr. Skok to request his availability to hold the Court-ordered FRCP 26(f) conference. Ex. C.

26. On July 7, 2023, i.e., the date by which the Court ordered the parties to hold their FRCP 26(f) conference, Valve responded to my email regarding its availability to confer to state that it would not participate in the FRCP 26(f) conference. Ex. A at 1.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Seattle, WA, on July 7, 2023.

By: /s/Stefan Szpajda
Stefan Szpajda

SZPAJDA DECLARATION ISO OPPOSITION TO VALVE'S MOTION TO VACATE

5

FOLIO LAW GROUP PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA 98109, Tel: 206-880-1802