The Honorable Tana Lin

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IMMERSION CORPORATION, | Case No. 2:23-cv-00712-TL |
| Plaintiff, | **REPLY IN SUPPORT OF VALVE CORPORATION'S MOTION TO VACATE FRCP 26(F) CONFERENCE, FRCP 26(A) DISCLOSURES, AND JOINT STATUS REPORT DEADLINES** |
| v. | |
| VALVE CORPORATION, | |
| Defendant. | **NOTE ON MOTION CALENDAR: JULY 14, 2023** |

Vacating the current initial deadlines for a FRCP 26(f) conference, initial disclosures and filing a joint status report makes good sense and is supported by good cause. Immersion's opposition focuses heavily on conversations between counsel regarding whether deadlines should be extended by agreement, but does not even attempt to show prejudice to Immersion from vacating and resetting the current initial deadlines after Valve's forthcoming FRCP 12 motion is resolved (which Valve will file on July 24 and which will seek dismissal of all claims, unless the parties agree through a pre-motion meet and confer to the filing of an amended complaint that cures all defects). In contrast, Valve's demonstrated the prejudice that would result from moving forward with these steps now, when the scope of the case is very much undetermined and could dramatically change (or disappear entirely) depending on the outcome of Valve's motion.

REPLY ISO VALVE'S MOTION TO VACATE INITIAL DEADLINES
(2:23-CV-00712-TL) - 1

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

Patent case discovery is frequently expensive, and undoubtedly it will be more so in this case because Plaintiff has asserted infringement of seven different patents by two different Valve hardware products, and even seeks to sweep in thousands of games sold through Valve's platform Steam. The rational and efficient way to approach discovery, case planning, and scheduling is to first determine the scope of the issues in dispute then proceed with a FRCP 26(f) conference, initial disclosures, and a joint status report—an orderly process that would not prejudice Immersion. Valve's Motion should be granted and the Court should (1) vacate the dates set in the Initial Scheduling Order for the parties to conduct a FRCP 26(f) conference, exchange FRCP 26(a) initial disclosures, and submit a joint status report, and (2) reset those dates after Valve's FRCP 12 motion has been resolved and all answers to the Complaint and any counterclaims have been filed, at which point the any remaining issues will be joined.

A.   **Good Cause Exists to Vacate and Reset the Initial Deadlines; Immersion Shows No Prejudice From Doing So.**

It is apparent the parties had a misunderstanding about whether there was agreement to vacate the initial dates (and have far different views about how that misunderstanding arose), but the dispositive issue on Valve's Motion is whether "good cause" exists under FRCP 6(b)(1)(A) to vacate and reset the initial deadlines. *See, e.g., Dillard v. Red Canoe Fed. Credit Union*, No. C14-1782JLR, slip op. at 3 (W.D. Wash. Mar. 3, 2015). Judge Robart explained that standard in *Tater v. Oanda Corp.*, No. C19-0158JLR, 2019 WL 1979319, at *2 (W.D. Wash. May 3, 2019):

> "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Moreover, Rule 6(b)(1) is "liberally construed to effectuate the general purpose of seeing that cases are tried on their merits." *Id.* at 1258-59 (citations omitted). As a result, requests for extensions of time that are determined under the good cause standard should "normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the

REPLY ISO VALVE'S MOTION TO VACATE INITIAL DEADLINES
(2:23-CV-00712-TL) - 2

adverse party." Id. at 1259 (citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)).

*Id.* at *2.

Immersion has not shown—or even attempted to show—prejudice from striking and resetting the initial deadlines until after Valve's FRCP 12 motion is resolved and any remaining issues are joined. Immersion's failure of proof is a key omission that the Ninth Circuit in *Ahanchian* held established good cause in the absence of any bad faith. 624 F.3d at 1260 ("Critically, the record is devoid of any indication either that Ahanchian's counsel acted in bad faith or that an extension of time would prejudice defendants. . . . The record shows that Ahanchian's requested relief was reasonable, justified, and would not result in prejudice to any party."). As discussed in Valve's opening brief and further below, there was no bad faith by Valve. The Court need go no further under *Ahanchian*—Valve has established good cause.

Instead of showing prejudice, Immersion makes two different arguments but neither defeats good cause. First, Immersion incorrectly argues that this Court's denial of a discovery stay in *Enriquez v. United States Citizenship & Immigr. Servs.*, No. 2:23-cv-00097-TL, 2023 WL 2873885 (W.D. Wash. Mar. 15, 2023), supports denial of Valve's motion. The stay request in *Enriquez* was analyzed under a different standard than Valve's request and therefore does not control the outcome here. *Compare id.* at *1-2 (analyzing stay request under court's inherent authority and FRCP 26(c) and applying the test for a stay from *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)), *with Ahanchian*, 624 F.3d at 1260 (applying "good cause" standard of FRCP 6 to deadline change). More importantly, the party opposing the stay in *Enriquez* demonstrated prejudice from the stay. *See Enriquez*, 2023 WL 2873885, at *1-2 (agreeing with plaintiffs' argument opposing a stay that "in an action over Defendants' delays over the processing of immigration applications, a stay would only prejudice Plaintiffs further"). Immersion has not even attempted to establish prejudice here.

REPLY ISO VALVE'S MOTION TO VACATE INITIAL DEADLINES
(2:23-CV-00712-TL) - 3

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600

Second, Immersion argues that Valve's statements about its forthcoming FRCP 12 motion are too ambiguous to establish good cause. Valve disagrees. Regardless, to be clear, unless the parties through a pre-motion meet and confer agree to the filing of a further amended complaint that cures all defects, Valve will file a FRCP 12 motion on July 24, 2023. Valve's motion will seek dismissal of most claims based on patent ineligibility; it will also seek dismissal of all claims because Immersion has not stated claims for infringement regardless of whether the patents are valid; and the motion will further show that at a minimum the claims should be narrowed.

Requiring the parties to move forward with a FRCP 26(f) conference, initial disclosures and a joint status report before these issues are resolved and the scope of remaining claims (if any) is set is highly inefficient and prejudicial to Valve, establishing good cause. *See, e.g., Dillard v. Red Canoe Fed. Credit Union*, No. C14-1782JLR, slip op. at 2 (W.D. Wash. Mar. 3, 2015) (good cause established because if motion to dismiss was granted "then the time, effort, and expense of the parties to adhere to the deadlines . . . would be a waste of everyone's resources" and even a partial grant of the motion likely would "significantly impact any joint status report and discovery plan that the parties draft and file").

### B. Immersion's Recitation of the Parties' Discussions Is Inaccurate; Regardless, It Does Not Defeat Good Cause.

Valve acted with good faith throughout the parties' discussions, notwithstanding Immersion's attempt to paint Valve as switching positions. Tellingly, Immersion does not dispute the basic facts set forth in Valve's opening brief and supporting declaration of counsel that bear directly on the issues in this Motion, particularly that: (i) Valve proposed vacating the initial scheduling dates the next business day (June 12) after the Court issued the Initial Scheduling Order, (ii) Immersion responded on June 13 in way that led Valve to believe the parties were in agreement, (iii) Valve proposed a stipulated motion to vacate and reset on June 23, and (iv) Immersion had multiple opportunities—including in response to Valve's

REPLY ISO VALVE'S MOTION TO VACATE INITIAL DEADLINES
(2:23-CV-00712-TL) - 4

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

June 23 proposal, during a June 28 meet and confer, and by email prior to the July 3 holiday eve—to state it was not agreeing to vacate and reset initial deadlines but never did so until the afternoon of July 3. *See* Skok Decl. ¶¶ 2-4 (Dkt. # 26).

At a minimum, there is no evidence Valve ever acted with anything less than diligence and good faith. Immersion tries to manufacture a position-switch by creating the false impression that Valve's in-house counsel agreed during a May 23 discussion to exchange hardware and software revenue, and that the undersigned counsel had similar discussions with Immersion's counsel on May 31. *See* Szpajda Decl. at ¶¶ 7-10 (Dkt. #28). None of that is true. As Valve's counsel told Immersion, such claims "do not accurately state Valve's actions or viewpoints. You stated during our May 31 telephone call that Immersion would like to see certain game sales information from Valve. I told you that I expected Valve would not agree to provide it but that I would ask Valve. I did so then confirmed in our June 28 call that Valve would not agree to produce it. You refer to a May 23 call with Chris Schenck of Valve, but I understand that he similarly did not agree in that call to provide any game sales information or do anything to lead Immersion to believe such information would be provided."  Dkt. # 28-1 at p. 4 (G. Skok July 5, 2023 email).

Regardless, the Court need not wade into the parties' discussions or determine who said what or when—the simple and dispositive fact is that good cause exists to vacate and reset the initial case deadlines and Immersion has shown no prejudice from doing so. Valve's Motion should be granted.

REPLY ISO VALVE'S MOTION TO VACATE INITIAL DEADLINES
(2:23-CV-00712-TL) - 5

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
206.624.3600

1     DATED this 10th day of July, 2023.

2                              FOX ROTHSCHILD LLP

3

4                              *s/ Gavin W. Skok*

5                              Gavin W. Skok, WSBA #29766
                               1001 Fourth Avenue, Suite 4400

6                              Seattle, WA 98154
                             Tel.:  206-624-3600

7                              Email:  gskok@foxrothschild.com

8                              *Attorneys for Defendant Valve Corporation*

9                              **<u>CERTIFICATION</u>**

10                              I certify that this memorandum contains 1,509
                             words, in compliance with the Local Civil

11                              Rules.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

**CERTIFICATE OF SERVICE**

2          I certify that I am a secretary at the law firm of Fox Rothschild LLP in Seattle,

3   Washington. I am a U.S. citizen over the age of eighteen years and not a party to the within

4   cause. On the date shown below, I caused to be served a true and correct copy of the foregoing

5   on counsel of record for all other parties to this action as indicated below:

6

| **Service List** | |
|---|---|
| 7 | |
| Stefan Szpajda, WSBA #50106<br>Cristofer Leffler, WSBA #35020<br>Sam Kim<br>Palani P. Rathinasamy<br>C. Maclain Wells<br>Davis Schumann<br>Alexandra Olwen Fellowes<br>FOLIO LAW GROUP PLLC<br>1200 Westlake Ave. N., Ste. 809<br>Seattle, WA 98109<br>Ph. 206-880-1802<br>stefan@foliolaw.com<br>cres.leffler@foliolaw.com<br>sam.kim@foliolaw.com<br>palani@foliolaw.com<br>maclain@foliolaw.com<br>david.schumann@foliolaw.com<br>Alexandra.fellowes@foliolaw.com<br><br>*Attorneys for Plaintiff* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via CM/ECF / Email<br>☐ Via over-night delivery |

18          I declare under penalty of perjury under the laws of the State of Washington that the

19   foregoing is true and correct.

20          EXECUTED this 10th day of July, 2023, in Seattle, Washington.

21

22

23                                              _Courtney Brooks_
                                                Courtney R. Brooks

24

25

26

REPLY ISO VALVE'S MOTION TO VACATE INITIAL DEADLINES
(2:23-CV-00712-TL) - 7

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4400
SEATTLE, WA 98154
206.624.3600