THE HONORABLE TANA LIN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IMMERSION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>VALVE CORPORATION<br><br>Defendant. | Case No. 2:23-CV-00712-TL<br><br>**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER** |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.     General Principles**

1. An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2. As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses

AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED
INFORMATION
NO. 2:23-CV-00712-TL

1

FOLIO LAW GROUP PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA 98109, Tel: 206-880-1802

should be reasonably targeted, clear, and as specific as possible. This agreement is intended to assist the parties in identifying relevant, responsive information that has been stored electronically and is proportional to the needs of the case. The agreement does not supplant the parties' obligations to comply with Fed. R. Civ. P. 34.

**B.    ESI Disclosures**

Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

1. <u>Custodial Data Sources</u>

The parties shall identify no more than ten (10) custodians most likely to have discoverable ESI in their possession, custody, or control.[1] The custodians shall be identified by name, title, connection to the instant litigation, and the type of information under the custodian's control. Upon a showing of good cause, the parties may either agree or seek Court intervention to add additional custodians.

2. <u>Non-custodial Data Sources</u>

A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

---

[1] Following the Court's order on Valve's pending Motion to Dismiss (ECF No. 37), the parties shall revisit the number of custodians and consider reducing the number if the patents and/or issues in the case have been reduced.

AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED
INFORMATION
NO. 2:23-CV-00712-TL

2

FOLIO LAW GROUP PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA 98109, Tel: 206-880-1802

3. Third-Party Data Sources

A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4. Inaccessible Data

A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

5. Search Terms

For purposes of this Agreement, a "Search Term" may consist of a single word or phrase, or variants of a single word or phrase (such as those that have alternate suffixes or prefixes but relate to the same root or different spellings of the same word), and may be accompanied by terms intended to limit the search results via narrowing criteria (such as "AND" or "W/X"). Individual words or phrases separated only by a disjunctive term that broadens the search (such as "OR") will be considered separate Search Terms unless (1) the words or phrases are variants of each other (*e.g.*, "haptic," "haptics," "haptically") or (2) the words or phrases are joined by other limiting terms, such as term1 and (term2 or term3). The producing party may identify each search term or query returning overbroad results.

Absent a showing of good cause, each search term or query returning more than 500 megabytes of data are presumed to be overbroad, excluding Microsoft PowerPoint files, image and audio files, and similarly large file types. In the event a search term returns more than 500 megabytes of data, the parties shall meet and confer in a good faith attempt to narrow the scope of

AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED
INFORMATION
NO. 2:23-CV-00712-TL

3

FOLIO LAW GROUP PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA 98109, Tel: 206-880-1802

the search term appropriately or to reach an agreement that the search term is not overbroad despite returning more than 500 megabytes of data. Upon request, the Producing Party will provide a report after global de-duplication that includes the number of documents that hit on each term, the number of unique documents that hit on each disputed search term (documents that hit on a particular term and no other term on the list), and the total number of documents that would be returned by using the proposed search term list (including families).

      6.   <u>Foreign data privacy laws</u>

Nothing in this Order is intended to prevent either party from complying with the requirements of a foreign country's data privacy laws, *e.g.*, the European Union's General Data Protection Regulation (GDPR) (EU) 2016/679. The parties agree to meet and confer before including custodians or data sources subject to such laws in any ESI or other discovery request.

**C.    ESI Discovery Procedures**

      1.   <u>On-site inspection of electronic media</u>. Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

      2.   <u>Search methodology</u>. The parties shall timely confer to attempt to reach agreement on appropriate Search Terms, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

      a.   Prior to running searches:

i. The producing party shall, consistent with its duty to perform a reasonable search for information responsive to discovery requests, disclose the data sources (including custodians) and queries to be run across Custodial data, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. For the avoidance of doubts, Immersion will prepare one set of Search Terms for all Immersion custodians, and vice versa for Valve. The producing party may provide unique hit counts for each search query.

ii. After disclosure, the parties will engage in a meet and confer process regarding additional terms sought by the non-producing party.

**D.   Format**

1. ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. The parties shall produce appropriate load files for e-discovery software unless limited by cost or other practical limitations. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF.

2. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, will be produced in native format.

3. Each document image file shall be named with a unique number (Bates Number). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying

AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED
INFORMATION
NO. 2:23-CV-00712-TL

5

FOLIO LAW GROUP PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA 98109, Tel: 206-880-1802

ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

4.      If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

5.      The parties shall produce their information in the following format: single- page images and associated multi-page text files containing extracted text or with appropriate software load files containing all information required by the litigation support system used by the receiving party.

6.      The full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file, even in cases where a document fails to render text (*e.g.*, photos, audio files, images). In the event a document's text fails to render, the producing party shall produce an empty text file or a file otherwise indicating that no text is available corresponding to the document. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a foreign language) and shall be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

7.      <u>De-Duplication</u>. The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process must be tracked in a duplicate/other custodian field in the database load file.

8.      <u>Email Threading</u>. The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and

AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED
INFORMATION
NO. 2:23-CV-00712-TL

6

FOLIO LAW GROUP PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA 98109, Tel: 206-880-1802

may exclude lesser inclusive copies. Upon reasonable request, the producing party will produce a less inclusive copy.

9. <u>Metadata fields</u>. If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced, and only to the extent it is reasonably accessible and non-privileged: document type; custodian and duplicate custodians (or storage location if no custodian); author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file size; file extension; original file path; date and time created, sent, modified and/or received; and hash value. The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

10. <u>Hard-Copy Documents</u>. If the parties elect to produce hard-copy documents in an electronic format, the production of hard-copy documents will include a cross- reference file that indicates document breaks and sets forth the custodian or custodian/location associated with each produced document. Hard-copy documents will be scanned using Optical Character Recognition technology and searchable ASCII text files will be produced (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI). Each file will be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

11. <u>Confidentiality of Produced ESI.</u>  Responsive ESI, whether produced as TIFF images or in Native Format, shall be produced pursuant to the terms of the Discovery Confidentiality Order (ECF No. 44) entered by the court.  Any objections to production shall

otherwise be made pursuant to the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

12. <u>Inadvertent Disclosure</u>.  The terms of the Discovery Confidentiality Order (ECF No. 44) entered by the Court govern the inadvertent production of privileged information in this agreement as well.

13. <u>Redactions</u>. In the event that a document requires redaction, the Parties agree that native files and full text need not be produced. The producing party must provide OCR for the non-redacted portions of the document, and must provide metadata including the subject, original file path, and field name, unless redaction of such information is necessary to ensure nondisclosure of the redacted material. The TIFF image should delineate the portion of the document redacted with the word "Redacted" contained in the area of the redaction. A production load file field should be populated to indicate the document contains a redaction.

14. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. At the same time, a party shall not be obligated to conduct a document-by-document review of documents prior to its production; provided however, that a party shall utilize keyword search terms (*e.g.*, the names of counsel and law firms for the producing party, although the failure to identify a particular counsel or law firm as a keyword shall not be construed as a waiver), analytical software tools and/or other reasonable means to locate and exclude potentially privileged materials prior to the production.

E. **Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the

AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED
INFORMATION
NO. 2:23-CV-00712-TL

8

FOLIO LAW GROUP PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA 98109, Tel: 206-880-1802

party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2. The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

   a. Deleted, slack, fragmented, or other data only accessible by forensics.

   b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

   c. Online access data such as temporary internet files, history, cache, cookies, and the like.

   d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

   e. Back-up data that are duplicative of data that is more accessible elsewhere.

   f. Server, system, or network logs.

   g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

   h. Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android devices), provided that a copy of

AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED
INFORMATION
NO. 2:23-CV-00712-TL

9

FOLIO LAW GROUP PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA 98109, Tel: 206-880-1802

        all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

    i. Voice messages, video and audio recordings, text messages, and instant messaging and chat application data.

    j. Dynamic fields of databases or log files that are not retained in the usual course of business.

4. The parties shall not be obligated under this agreement to produce deleted ESI lost as a result of the routine, good-faith operation of an ESI system, prior to the date upon which the duty to preserve ESI arose.

**F.     Privilege Logs**

1. A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 30 days before the deadline for filing motions related to discovery unless an earlier deadline is agreed to by the parties.

2. Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

3. With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

4. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

DATED: February 29, 2024                                    Respectfully submitted,

**FOLIO LAW GROUP PLLC**                             **KWUN BHANSALI LAZARUS LLP**

*/s/Stefan Szpajda*                                          */s/Kate Lazarus*
Stefan Szpajda, WA Bar No. 50106                Michael Kwun (SBN 198945)
Cristofer Leffler, WA Bar No. 35020                 (*admitted pro hac vice*)
Sam Kim, CA Bar No. 221600 (*admitted pro hac vice*)   Kate Lazarus (SBN 268242)
                                                                                (*admitted pro hac vice*)
Palani P. Rathinasamy, CA Bar No. 269852       Scott Taylor (SBN 318941)
(*admitted pro hac vice*)                                    (*admitted pro hac vice*)
C. Maclain Wells, CA Bar No. 221609             555 Montgomery Street, Suite 750
(*admitted pro hac vice*)                                San Francisco, CA  94111
David Schumann, CA Bar No 223936             Telephone: 415.630.2350
(*admitted pro hac vice*)                                Email: mkwun@kblfirm.com
Alexandra Olwen Fellowes, CA Bar No.                    klazarus@kblfirm.com
261929 (*admitted pro hac vice*)                          staylor@kblfirm.com
1200 Westlake Ave. N., Ste. 809
Seattle, WA 98109                                          *Attorneys for Defendant Valve Corporation*
Tel: 206-880-1802
Email: stefan@foliolaw.com
           cris.leffler@foliolaw.com
           sam.kim@foliolaw.com
           palani@foliolaw.com
           maclain@foliolaw.com
           david.schumann@foliolaw.com
           alexandra.fellowes@foliolaw.com

*Attorneys for Plaintiff Immersion Corporation*

## ORDER

Based on the foregoing, IT IS SO ORDERED.

Dated: March 5, 2024                    /s/ _____
                                                     THE HONORABLE TANA LIN